IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BRENDA J. ADAIR                                              PLAINTIFF

VS.                              CIVIL ACTION NO.  2:22-cv-00077-TBM-RPM

STATE AUTO PROPERTY &
CASUALTY INSURANCE COMPANY
AND JOHN DOES 1-25                                           DEFENDANT

## <u>NOTICE OF REMOVAL</u>

TO:    Honorable Sally Doggett Wedgeworth
       Clarke County Circuit Clerk
       P.O. Box 216
       Quitman, Mississippi  39355

       Jacob D. King, Esq.
       Seth M. Hunter, Esq.
       Dukes Dukes & Hunter
       P.O. Box 2055
       Hattiesburg, MS  39403

       Ms. Brenda J. Adair
       c/o Jacob D. King, Esq.
       Seth M. Hunter, Esq.
       Dukes Dukes & Hunter
       P.O. Box 2055
       Hattiesburg, MS  39403

In accordance with 28 U.S.C. §§ 1332, 1441 and 1446, you are notified that State Auto Property & Casualty Insurance Company ("State Auto P&C") has removed the action entitled *"Brenda J. Adair v. State Auto Property & Casualty Insurance Company and John Does 1-25"* bearing Civil Action No. 22-00045 from the Circuit Court of Clarke County, Mississippi to the United States District Court for the

{D1936784.1}

Southern District of Mississippi, Eastern Division, and in support thereof states as follows:

## BACKGROUND

1.  Plaintiff Brenda J. Adair commenced this action on May 13, 2022, by filing a complaint in the Circuit Court of Clarke County, Mississippi assigned Cause No. 12CI1:22-cv-00045-rb.  A copy of the state court record is attached as Exhibit A.

2.  In the complaint, Plaintiff alleges her vehicle was struck as a result of an accident involving vehicles operated by Katie Boman and Judah Higgins on May 14, 2019 in Meridian, Mississippi.  Compl., ¶¶ 5-8.  Plaintiff claims the vehicles operated by Boman and Higgins collided in an intersection, causing Boman's vehicle to then "violently . . . careen into a head on collision" with Plaintiff's vehicle.  *Id.,* ¶ 8.  Plaintiff asserts she was injured in the accident and sustained substantial damages. *Id.,* ¶ 9.

3.  Plaintiff alleges State Auto P&C is liable to her for Underinsured Motorist (UM) and Medical Payments coverages under a policy of insurance.  *Id.,* ¶ 11.  Plaintiff asserts the policy provides UM bodily injury coverage up to $500,000 and Medical Payments coverage up to $10,000.  *Id.,* ¶¶ 11-12.

## COMPLETE DIVERSITY

4.  Plaintiff is, and was at the time this action was commenced, a citizen of Mississippi.  Compl., ¶ 1.

5.      For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state of its incorporation and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

6.      State Auto P&C is, and was at the time this action was commenced, an Iowa corporation with its principal place of business in Ohio.  Compl., ¶ 2.  It is therefore a citizen of Iowa and Ohio.

7.      The complaint includes fictitious John Doe defendants.  The citizenship of fictitious defendants is to be disregarded.  28 U.S.C. § 1441(b)(1).

## AMOUNT IN CONTROVERSY

8.      Plaintiff does not specify the exact amount of damages she is seeking within her complaint.  Plaintiff, however, alleges that she is due UM benefits for "severe and disabling injuries" sustained in the accident, injuries that include, but are not limited to, a right knee injury, right hip injury, right leg injury and right ankle injury causing "extreme pain, suffering, and anguish."  Compl., ¶ 9.  Plaintiff also alleges she has incurred out-of-pocket expenses which State Auto P&C has improperly failed to pay under the policy.  *Id.*, ¶ 11.  Plaintiff summarizes her compensatory damages as follows:

a.      Past and future medical expenses;

b.      Permanent injuries and/or disabilities;

c.      Past and future physical, mental and emotional pain, suffering and anguish;

d.      Past and future loss of enjoyment of life;

e.  Past and future lost wages;

f.  Past and future lost earning capacity;

g.  General breach of contract damages;

h.  Attorney's fees;

i.  Attorney's expenses;

j.  Court costs; and

k.  Any and all other damages to which she may be found to be entitled.[1]

*Id.,* ¶ 28.

9.  Plaintiff also pursues punitive damages, contending that State Auto P&C has acted in "bad faith" by failing to pay her that which she is entitled under the policy. *Id.,* ¶¶ 22-26; 29

10.  Additionally, Plaintiff seeks extracontractual *Veasley* damages of "inconvenience, expenses, and attorney's fees" secondary to the alleged failure of State Auto P&C to pay all sums due under the policy. *Id.,* ¶ 31.

11.  The amount in controversy based upon Plaintiff's claims for compensatory damages alone exceeds $75,000, exclusive of interest and costs. *See, e.g., Gebbia v. Wal-Mart Stores, Inc.,* 223 F.3d 880, 882 (5th Cir. 2000); *Scirocco v. Ford Motor Co.,* No. 5:13-cv-128-KS-MTP, 2014 WL 5817543, at *1 (S.D. Miss. Nov. 10, 2014) (amount in controversy satisfied where complaint alleged unspecified injuries and associated past and future pain and suffering, mental anguish, anxiety, disfigurement, disability, loss of wages and wage-earning capacity, and medical

---

[1] Though not stated in the complaint, Plaintiff has undergone a surgical procedure on her right knee.

related expenses). Federal courts within this State have repeatedly noted that "Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000." *Holmes v. Citifinancial Mortg. Co.,* 436 F. Supp. 2d 829, 832 (N.D. Miss. 2006).

12.     Even if Plaintiff's claims for compensatory damages standing alone were below the jurisdictional minimum, the additional claims for punitive damages and attorney's fees would satisfy the amount in controversy requirement. *See White v. Allstate Ins. Co.,* No. 1:17-cv-350-HSO-JCG, 2018 WL 2244721, at *4 (S.D. Miss. May 16, 2018) (amount in controversy satisfied where claims for compensatory damages, including UM coverage of $25,000, plus unspecified amount of punitive damages "could easily exceed the $75,000.00 jurisdictional minimum.").

## PROCEDURAL PREREQUISITES ARE SATISFIED

13.     Plaintiff filed the complaint on May 13, 2022. State Auto P&C has not been served with process.[2] This Notice is therefore timely in accordance with 28 U.S.C. § 1446(b)(3).

14.     The United States District Court for the Southern District of Mississippi, Eastern Division, is the federal judicial district embracing the Circuit Court of Clarke County, Mississippi, making venue proper under 28 U.S.C. § 1441(a).

---

[2] State Auto P&C waives no Rule 12 defense by this removal. *Wesley v. Miss. Transp. Comm'n,* 857 F. Supp. 523, 531 (S.D. Miss. 1994).

15.    A copy of this Notice has been filed with the Circuit Clerk of Clarke County, Mississippi and has been provided to all parties pursuant to 28 U.S.C. § 1446(d).

This, the 17th day of June, 2022.

Respectfully submitted,

STATE AUTO PROPERTY &
CASUALTY INSURANCE COMPANY


BY:    */s/ Jason H. Strong*
OF COUNSEL


JASON H. STRONG - MS BAR NO. 100004
jstrong@danielcoker.com
TOM JULIAN - MS BAR NO. 101905
tjulian@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116

J. RYAN PERKINS – MS BAR NO. 100825
rperkins@cctb.com
JASON R. BUSH – MS BAR NO. 100451
jbush@cctb.com
COPELAND COOK TAYLOR & BUSH
1076 HIGHLAND COLONY PARKWAY, SUITE 200
RIDGELAND, MISSISSIPPI  39157-8804
TELEPHONE:  601-856-7200
FACSIMILE:   601-856-7626